UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                        Criminal No. 10-cr-004-01-JL

Anthony Moscaritolo


**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted yesterday for the purpose of determining whether to detain defendant, Anthony Moscaritolo, who has been indicted on seven counts of a 15-count indictment with knowingly and unlawfully distributing oxycodone on different dates, and participating in a conspiracy to distribute oxycodone, beginning on or about December 3, 2008, and continuing to on or about February 12, 2009.

     Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  See Patriarca, 948 F.2d at 792-93.  Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing"

standard.  18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991). Thus, Section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . ." is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C.

3

§ 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

"Congress has found that offenders, as a general rule, pose *special risks* of flight." United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case." Id. Notably, the burden is one of production, not of persuasion. Id. at 380-81.

Here, I find that the defendant fails to rebut the presumption with regard to risk of flight. Specifically, the government proffers what appears to be a strong case. The defendant is a lifelong resident of New Hampshire with some family ties and an employment history of sorts. Aside from the present charges involving oxycodone, and some skirmishes with the law, the defendant has a prior drug (marijuana) felony conviction which is more than 10 years old but which triggers the filing of an enhanced penalty information. 21 U.S.C. §851(a)(1). Thus he faces a maximum of 30 years in prison if convicted on the present charges. 21 U.S.C. §841(b)(1(C). "[T]he steeper the potential sentence, the more probable the flight risk is, especially

4

considering the strong case of the government..." See <u>United States v. Alindato-Perez</u>, 627 F. Supp. 2d 58, 66 (D.P.R. 2009). In the prior felony case, the defendant was released on bond. His bail was revoked for violation of conditions of release.

Aside from the presumption imposed in this case by 18 U.S.C. § 3142(e), I am satisfied from the representations offered during the hearing that no condition or combination of conditions will reasonably assure the appearance of the defendant.

Upon full consideration of the detailed arguments offered by the government and defense, I am satisfied that the defendant has not rebutted the presumption that he poses a serious risk of flight.

Accordingly, it is **ORDERED** that the defendant Anthony Moscaritolo be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**.

_____
Justo Arenas
United States Magistrate Judge

Date: January 26, 2010

cc:   Michael Shklar, Esq.
      William E. Morse, Esq.
      U.S. Marshal
      U.S. Probation